The Honorable Mark Wilcox Commissioner of State Lands 109 State Capitol Building Little Rock, Arkansas 72201
Dear Commissioner Wilcox:
I am writing in response to your request for an opinion on four questions involving the distribution of funds by the Commissioner of State Lands from the redemption or sale of tax delinquent real property. You first reference subsections (b)(2)(A) through (E) of A.C.A. § 26-37-205 (Supp. 2005), which governs distribution of such funds as follows:
 (2)(A) After payment is made to the Commissioner of State Lands pursuant to subdivision (b)(1) of this section, the amount left in the remaining funds shall be paid to the former owners of the tax delinquent land.
 (B)(i) "Former owner" means a person, partnership, corporation, or other legal entity capable of owning real property in the State of Arkansas and that holds record title to the real property on the date of sale by the Commissioner of State Lands.
 (ii) "Former owner" does not include heirs or relations beyond the first degree of consanguinity.
 (C)(i) A former owner must file an application with the Commissioner of State Lands requesting the release of the funds.
 (ii) The application shall be provided by the Commissioner of State Lands and shall require proof of ownership of the tax delinquent land as well as proof of authority to act on behalf of the owner.
 (iii) The application may require other information the Commissioner of State Lands deems necessary before the release of the funds.
 (D)(i) The former owner shall release and relinquish all rights, title, and interests in and to the tax delinquent land.
 (ii) The Commissioner of State Lands shall provide a release deed to the former owner to execute.
 (E) In the event of any dispute, claim, or multiple claims of ownership or controversy regarding the release of the funds, the Commissioner of State Lands may require the party or parties to provide a court order to resolve the issues and to establish the party or parties entitled to the remaining funds.
You then state that there are several pending claims with similar fact situations, and state the following scenario as representative of those claims:
 John Smith owned 160 acres of land. Smith died intestate on July 4, 1996. No probate of his estate was opened. The property taxes were not paid for the year 1997 and the property was certified to the Commissioners of State Lands for the 1997 taxes and forward on April 7, 2000. Smith had no children and one sibling, Susie Smith Jones. Jones died on April 6, 2001, intestate and no probate of her estate was opened at that time. The taxes were not redeemed and the property was sold at public auction on June 4, 2002. At the time of the sale, record title remained in the name of John Smith. In addition to collecting the taxes, the Commissioner of State Lands collected $50,000 in excess proceeds. The sale remained unchallenged during the two-year litigation period. Consequently, the excess proceeds became available for distribution on approximately July 8, 2004. A claim for the funds was filed by Bob Jones, nephew of Smith and son of Susie Smith Jones, in 2004. The claim was denied for failure to provide documentation that he was the former owner of the property. (This claim was rejected pursuant to language in the statute prior to the 2005 amendments.)
 Sometime in 2005, a probate of the estate of Susie Jones was opened. On April 18, 2005, Bob Jones was appointed Administrator of the Estate. On November 1, 2005, an Order was entered in the probate case finding that Bob Jones owned the funds being held by the Commissioner and ordering the Commissioner to disburse the funds to Bob Jones. The Commissioner was not made a party to any of the probate proceedings.
 On March 30, 2006, Bob Jones filed a second claim for the excess proceeds based on the order from the probate of Susie Jones' estate. He now contends that title passed to Susie Jones by operation of law upon John Smith's death. Consequently, he contends that Susie Jones was the former owner at the time of the sale and since he was her son, he is related to the former owner in the first degree of consanguinity.[1] At no time have Susie Jones or Bob Jones been the record title holders of the property.
You state that you are aware that it is my policy to decline requests for opinions that involve issues currently pending in litigation, but state that with the exception of the proceedings in probate as alluded to in the hypothetical, none of these issues is currently being litigated. You also state that the probate proceedings did not address the questions raised in this request and you question whether a probate court would have jurisdiction to hear these issues.
You pose three questions regarding the "hypothetical" facts set out above, and one additional question unrelated to these facts, as follows:
 1) Is an order signed by a probate judge binding as to the Commissioner if the office of Commissioner of State Lands is not a party to the proceeding?
 2) Can a court order override the statute and direct payment of funds to someone beyond the first degree of consanguinity?
 3) Does an interest in real property created by operation-of-law meet the definition of "former owner" as set out in the statute when the statute specifically states that record title be held on the date of sale?
 4) [A]part from the scenario presented above, I would appreciate your opinion on the subject statute regarding lien holders and garnishments. Simply put: Can the excess proceeds be garnished as a result of a civil judgment, criminal judgment, or for back child support payments? For the purpose of this inquiry, assume that such judgments or payments are the debts of a former record title owner as of the date of sale.
RESPONSE
I must decline to address your first three questions in light of my long-standing policy against opining on matters that are the subject of pending litigation. In addition, I will not opine upon whether a court has correctly determined an issue, or upon the correctness of court orders. This office has a long-standing policy against issuing opinions on questions that are the subject of pending litigation (see Ops. Att'y Gen. 2006-013; 2003-182; 2003-032; 2002-302; 1999-389; 97-329, and 97-105), and has exhibited a steadfast unwillingness to second-guess the orders or judgments of courts. See e.g., Op. Att'y Gen. 2001-278. You may wish to consult with appointed legal counsel on my staff for advice as to how to proceed in the face of the "hypothetical" facts you describe. I cannot offer such advice in an official Attorney General opinion. See e.g., Op. Att'y Gen. 1992-340
("If the Soil and Water Conservation Commission should require the advice of this office, that advice will be provided upon request in a representative capacity.")
In my opinion the answer to your fourth question is generally "yes."
Question 4 — [A]part from the scenario presented above, I wouldappreciate your opinion on the subject statute regarding lienholders and garnishments. Simply put: Can the excess proceeds begarnished as a result of a civil judgment, criminal judgment, orfor back child support payments? For the purpose of this inquiry,assume that such judgments or payments are the debts of a formerrecord title owner as of the date of sale.
In my opinion the answer to this question is generally "yes." This conclusion is dictated generally by A.C.A. § 16-110-413
(Repl. 2006), which provides in pertinent part as follows:
 (a)(1) Any indebtedness, goods and chattels, moneys, credits, or effects, except for refunds for overpayment of Arkansas state income tax belonging to a defendant in a civil action and in the hands or possession of the State of Arkansas, or any subdivision thereof, institution, department, or special district or instrumentality of the State of Arkansas, shall be subject to garnishment as is now provided by law.
 * * *
 (b)(1) Any writ of garnishment sued out pursuant to this section shall be served upon the individual representing the State of Arkansas, subdivision thereof, institution, department, special district, or instrumentality of the State of Arkansas, who has such indebtedness, goods and chattels, moneys, credits, or effects in his or her custody, and he or she shall answer the writ and satisfy the garnishment as provided by law.
 * * *
 (c) A writ of garnishment shall be sued out pursuant to this section only after judgment.
As a general matter, therefore, it is my opinion that the funds you reference can be subject to garnishment. Of course, the particular facts regarding any attempted garnishment would have to be evaluated to determine the issue in a given case. Again, you may wish to consult with appointed legal counsel on my staff for any needed advice or representation in this regard.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
 MIKE BEEBE Attorney General
MB:ECW/cyh
[1] You note here that:
 Computing degrees of consanguinity is covered under A.C.A. § 28-9-212. The following are examples of degrees:
 First degree: parent and child/or siblings
 Second degree: grandparent and grandchild/or person and their niece or nephew/first cousins
 Third degree: great grandparent and great grandchild/or second cousins.